UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS (PEORIA)

IN RE:

Kyle W. Sauter
Laura J. Sauter

Debtors,

_____/

Case No. 19-80579
Chapter 13
Judge Thomas L. Perkins

### MOTION OF FLAGSTAR BANK, FSB AS SERVICER FOR PINGORA LOAN SERVICING, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISIONS OF FED.R.BANKR.P.4001(A)(3) AS TO THE REAL PROPERTY LOCATED AT 1731 W GENEVA RD., PEORIA, IL 61615

Flagstar Bank, FSB as servicer for Pingora Loan Servicing, LLC ("Movant") moves this Court, under §§§ 361, 362, and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Fed. R. Bankr. P. 4001(a)(3), and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order conditioning, modifying or dissolving the automatic stay imposed by § 362 of the Bankruptcy Code and a Waiver of the Provisions of Fed. R. Bankr. P. 4001 (a)(3). In support of this Motion, the Movant states:

1. The Debtors filed for chapter 13 bankruptcy relief on April 30, 2019.

2. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion are proper under 28 U.S.C. §§ 1408 and 1409.

3. On February 23, 2016 the Debtors listed above obtained a loan from NBKC Bank, a State Chartered Bank, in the amount of $234,025.00. Such loan was evidenced by a promissory note dated February 23, 2016 (the "Note"). Debtors executed a Mortgage dated February 23, 2016 (the "Security Agreement"), conveying to Mortgage Electronic Registration Systems, Inc. as nominee for NBKC Bank, a State Chartered Bank a lien on the real and/or personal property (the "Collateral") owned by the Debtors, located 1731 W. Geneva Rd., Peoria, IL 61615. The lien is the 1st lien on the collateral.

4. The Security Agreement was transferred as follows: (a) on April 22, 2019 to Pingora Loan Servicing, LLC. The transfer is evidenced by an Assignment of Mortgage.

5. The estimated market value of the Collateral is $256,560.00. This valuation is based on the market value detailed in the Debtors' filed petition and schedules. The current outstanding principal balance due on the Note is $219,902.73, plus interest accruing at the rate of 3.25000% per annum [$19.58 per day]. This amount may not include interest, fees, late charges, escrow charges, and corporate advances.

6. Upon reasonable investigation, no other parties have an interest in the collateral.

7. Movant seeks an order for relief from the automatic stay in order to protect its lien pursuant to the terms of the security agreement, to the extent allowed by law. Movant may in lieu of foreclosure offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may seek to enter into such agreement with debtors. Movant understands that it may not enforce or threaten to enforce any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case or while the case remains pending.

8. Presently, post petition mortgage payments are in default in the amount of $6,524.19 which includes attorney fees of $850 and costs of $181:

| | | |
|---|---|---|
| 9/1/2019-11/1/2019 monthly payments = $ | | 5,700.51 |
| at $1,900.17 per month | | |
| Bankruptcy MFR Court Cost | = $ | 181.00 |
| Bankruptcy MFR Attorney Fee | = $ | 850.00 |
| Suspense Balance | = $ | (207.32) |
| TOTAL | = $ | 6,524.19 |

9. Based upon the foregoing, Movant is entitled to relief from the automatic stay under § 362 (d)(2) as there appears to be insufficient equity in the property, after taking into account the homestead exemption to produce any meaningful dividend to unsecured creditors.

10. Movant is entitled to relief from the automatic stay under §§ 362(d)(1). The Debtors are in material default of the mortgage obligations by a failure to make the required ongoing monthly mortgage payment; Debtors are post petition due for the September 1, 2019 mortgage payment.

11. The Debtors filed an Amended Chapter 13 Plan with the Court on August 6, 2019. Pursuant to the Chapter 13 Plan, the Debtors are to make their ongoing payments directly to Movant. The Chapter 13 Plan has not been confirmed.

12. Based upon foregoing, a waiver of the provisions of Fed.R.Bankr.P. 4001(a)(3) is appropriate; an order for relief should have immediate effect.

WHEREFORE, Movant prays for an Order from the Court for Relief from the Automatic Stay of 11 U.S.C § 362 of the Bankruptcy Code as to the Movant and its principal, successors, heirs, and assigns with respect to the subject property located at 1731 W. Geneva Rd., Peoria, IL 61615. Movant further requests that the provisions of Fed.R.Bankr.P. 4001(a)(3) be waived and that the Order for Relief from the Automatic Stay have immediate effect, and further, remain in effect notwithstanding the conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code.

Respectfully submitted,

Date: December 13, 2019

*/s/ Marc Wagman*
Potestivo & Associates, P.C.
Marc Wagman (6282192)
223 W. Jackson Blvd., Suite 610
Chicago, Illinois 60606
mwagman@potestivolaw.com
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
Cook County Firm ID #: 43932
DuPage County Firm ID #: 223623
Attorneys for Flagstar Bank, FSB